Humanistas Seculares de Puerto Rico, Inc. v. Eligio Hernández Pérez, et al. Civil No: 20-1111 (GAG)

| | |
|---|---|
| To: | **Hon. Gustavo Gelpí** <br> Unites States District Judge |
| From: | **Alfredo Castellanos Bayouth, Esq.** <br> Court-appointed Mediator |
| Date: | August 7, 2020 |
| Re: | **Mediator's Memorandum of the Parties' Stipulations** |

### I.  Brief Introduction

On February 27, 2020, Plaintiffs filed a complaint against Defendants under 42 U.S.C. § 1983, seeking an injunction "*prohibiting the Defendants from continuing to organize school prayer sessions, lead prayer sessions, or direct students to engage in prayer, as well as a declaration that Defendant's conduct violates the Establishment Clause of the First Amendment and the free exercise rights of the individual Plaintiffs*".

Furthermore, Plaintiffs requested a Declaratory Judgement that *Defendant's actions of organizing prayer events during the school day, leading prayers during school events, and encouraging students to participate in prayer while at school are unconstitutional*. Plaintiffs also seek nominal damages, in the amount of one dollar, solely against Ms. Luz Ramos in her personal capacity, for implementing a school-led prayer practice; as well as costs of this action, including attorneys' fees, costs, and expenses, under 42 U.S.C. § 1988.

On February 28, 2020, the Court issued an order stating, among other things, that *the controversy at issue can readily and best be addressed in an expedited manner via mediation* (Docket No 6). On March 3, 2020, the Court appointed the undersigned to serve as the mediator and report to the Court whether the same had been resolved or if the Parties were able to reach a temporary agreement. The mediation was scheduled for March 9, 2020 (Docket No. 9).

### II.  Stipulations

As instructed by the Court, the mediation was held on March 9, 2020. The mediation included counsel for Plaintiffs, a representative of *Humanistas Seculares de Puerto Rico,* and Doe 1, plus counsel for the Department of Education, Secretary of Education Eligio Hernández Pérez and Principal Luz Ramos of the Luis M. Santiago School. As a result of the Court-ordered mediation, the Parties agreed to the following stipulations:

1. Defendants will immediately, permanently discontinue school-led prayers at Luis M. Santiago School; will undertake all reasonable efforts to ensure an academic school

Case 3:20-cv-01111-GAG   Document 24-1   Filed 08/07/20   Page 2 of 3

Humanistas Seculares de Puerto Rico, Inc. v. Eligio Hernández Pérez, et al. Civil No: 20-1111 (GAG)

    environment at the Luis M. Santiago School that is free from harassment of students and parents based on their religious or nonreligious beliefs; will remove negative academic marks related to the student-Plaintiffs' nonparticipation in, and avoidance of, the prayer sessions; will circulate to all Department of Education employees a memorandum on civil rights and its policy on non-discrimination and non-sectarian education in public schools; and will conduct a training for all employees of the Luis M. Santiago School regarding their constitutional obligations not to promote religion while acting as employees of the school. Plaintiffs agreed that these actions would resolve the issues raised in their complaint and that upon completion of these actions by Defendants, their lawsuit would be dismissed;

2. The training for school employees will include the following topics:

    a) **Teacher- or school-led prayer**

        i. School staff may not lead students in prayer;
        ii. School staff may not organize prayer time or otherwise suggest that students should be praying; and
        iii. No school-sponsored event may include scheduled prayer, regardless of who would deliver that prayer (this includes graduation or grade-promotion ceremonies, awards ceremonies, assemblies, sports or other extracurricular events, and teacher meetings)

    b) **Differential treatment**

        i. School staff must not treat students or parents differently based on their religious or nonreligious status; and
        ii. School staff must not publicly identify any student or parent as nonreligious or as belonging to any religion.

    c) **Promotion of personal religious beliefs**

        i. School staff may not promote their personal religious beliefs to students in class, during a school event, or otherwise while acting in their official capacity as school employees;
        ii. Religious promotion includes inviting or encouraging students to attend a religious event taking place outside of school;
        iii. Religious promotion also includes expression of personal religious beliefs through written or symbolic means, such as placing religious iconography on classroom walls (however, religious articles worn by a teacher, such as jewelry, are permitted, although they must not be used as a means of engaging students in religious discussion); and
        iv. Just as with students, school administrators may not promote their personal religious beliefs to their subordinates and no school employee may be required to discuss their personal religious beliefs or engage in religious activity during a school-sponsored event.

Case 3:20-cv-01111-GAG   Document 24-1   Filed 08/07/20   Page 3 of 3

Humanistas Seculares de Puerto Rico, Inc. v. Eligio Hernández Pérez, et al. Civil No: 20-1111 (GAG)

    **d)**      **Classroom assignments**

    i.      Teachers may not promote religion via classroom instruction; for instance, teaching creationism, quoting a religious text as a source of scientific or historical fact, or teaching that the beliefs of a specific religion are true are all prohibited;

    ii.      This is distinct from teaching about a religion's impact on history in an objective, academic manner, which is permissible in a history class for age-appropriate students; and

    iii.      Teachers may not use religious materials, texts, or symbols for instruction or assignments absent a legitimate nonreligious educational objective; when the educational objectives for a lesson could be equally achieved using nonreligious materials, those materials must be used instead of religious materials (e.g. instructing students to color a nativity scene for an art assignment is inappropriate, since coloring a secular image would achieve the same educational goal).

    **D)**   **Religiously motivated harassment**

    i.      School staff may not tolerate peer-to-peer harassment, regardless of the instigating student's motivation for harassing another student. No student should be singled out or harassed based on their religious or nonreligious beliefs.

3. The school-led prayer practice at the Luis M. Santiago School has ended and Defendants have agreed that it will not reoccur.
4. The academic records of the student-Plaintiffs will not be negatively impacted by their avoidance of the prayer practice or by their participation in this lawsuit.

### III.    Pending Matters

1. Due to the COVID-19 pandemic, the Commonwealth of Puerto Rico entered a state of emergency by executive order which closed all Puerto Rico public schools. This has delayed Defendants' fulfillment of the actions agreed to under the mediation.
2. In light of the above, the civil rights memo will be distributed to all Department of Education employees before the commencement of the next calendar year.
3. The above-mentioned training for school officials will take place two weeks after the school returns to its normal operations.

_____
Alfredo Castellanos Bayouth, Esq.
Court Appointed Mediator